# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM WOELK,

      Plaintiff,

v.                                    Case No. 13-12411

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 15, 2014, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court: grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment**,** and affirm the Commissioner of Social Security's decision to deny Plaintiff's application for Disability Insurance Benefits ("DIB") under the Social Security Act. On May 28, 2014, Plaintiff filed an objection to the R&R. For the reasons discussed below, the court will overrule Plaintiff's objection and adopt the R&R in full.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation

should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate's report in order to preserve

the right to appeal must be mindful of the purpose of such objections:  to provide the

district court "with the opportunity to consider the specific contentions of the parties and

to correct any errors immediately."  *Walters*, 638 F.2d at 949–50.  "The filing of

objections to a magistrate's report enables the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*,

474 U.S. 140, 147 (1985) (footnote omitted).  Further, "[o]nly those specific objections to

the magistrate's report made to the district court will be preserved for appellate review;

making some objections but failing to raise others will not preserve all the objections a

party may have."  *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373

(6th Cir. 1987).

## II.  DISCUSSION

Plaintiff objects that "the Magistrate Judge erroneously recommended the

affirmance of the ALJ's finding as to plaintiff's residual functional capacity [(RFC)]

although not based upon any medical evidence."  (Dkt. # 16, Pg. ID 490.)  This was the

argument presented to, and addressed by, the Magistrate Judge in his R&R.  (*See* Dkt.

# 15, Pg. ID 482 ("Before this Court, Woelk advances only one argument:  that the ALJ

erred because he did not rely on any particular medical opinion in formulating his RFC

assessment.").)

A general objection, or one that merely restates the arguments previously

presented, is not sufficient to alert the court to alleged errors on the part of the

2

magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . .  [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."); *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard,* 932 F.2d at 509).  Plaintiff here makes very little attempt to tailor his reproduced argument to any reasoned analysis of the Magistrate Judge's report and recommendation.  Therefore, the court does not view his brief as raising any objection subject to review under 28 U.S.C. § 636(b)(1).  *See Howard,* 932 F.2d at 508–09; *Slater,* 28 F. App'x at 513; *Miller,* 50 F.3d at 380.

The court nonetheless finds that the R&R is well-reasoned, thorough, and correct.  As the Magistrate Judge explained, it is a claimant's burden to provide the medical evidence necessary to establish the existence of a disability during the claimant's stated period of disability.  (*See* Dkt. # 15, Pg. ID 483 (citing 20 C.F.R. § 404.1512(c)).)  Here, Plaintiff offered only the opinion of Dr. Wang from July of 2012, more than eighteen months after his date last insured (December 31, 2010).  *See Smith v. Comm'r of Soc. Sec.*, 1:10-CV-14, 2011 WL 3421538, at *2 (W.D. Mich. Aug. 4,

3

2011) ("Plaintiff's objection lacks merit because it is Plaintiff's responsibility to provide medical evidence showing that he is disabled.").  The court is mindful that the ALJ is obligated "to fully develop the record," *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010), and bears "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing," *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  However, where, as here, the claimant was represented by counsel, the ALJ may ordinarily rely on counsel to present the claimant's case and to develop his claims. *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004).  As the Magistrate Judge indicated in his report, in the absence of any relevant medical opinion, when formulating his RFC, the ALJ partially credited Plaintiff's testimony and reasonably relied on the available medical evidence.  Further, because this is a case where the record revealed "relatively little physical impairment" during the relevant time period, the ALJ properly rendered a "commonsense judgment" about Plaintiff's functional capacity.  *See Wyatt v. Comm'r of Soc. Sec.*, 12-11406, 2013 WL 4483074, at *16–17 (E.D. Mich. Aug. 19, 2013) (citations omitted).  The court cannot conclude that the Magistrate Judge's R&R presents any error to be corrected.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objection [Dkt.

# 16] is OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. #

15] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the court GRANTS Defendant's motion for

summary judgment [Dkt. # 14] and DENIES Plaintiff's motion for summary judgment

[Dkt. # 12].

A separate judgment will issue.


S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 30, 2014, by electronic and/or ordinary mail.


S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\13-12411.WOELK.OrderAdoptRR.rljr.wpd